IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **EARNEST STOCKER**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-3640-L** |
| | § | |
| **ZIMMER, INC.; ZIMMER HOLDINGS, INC.; WILSON/PHILLIPS HOLDINGS, INC. a/k/a Zimmer Wilson Phillips; and ZIMMER ORTHOPAEDIC SURGICAL PRODUCTS, INC.**, | § § § § § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

The court, upon reviewing the Complaint, determines that complete diversity of citizenship does not exist between the parties and *sua sponte* **dismisses** this action for lack of subject matter jurisdiction.

**I.   Background**

Earnest Stocker ("Plaintiff" or "Stocker") filed this action on September 6, 2012, in this court against Zimmer, Inc.; Zimmer Holdings, Inc.; Wilson/Phillips Holdings, Inc. a/k/a Zimmer Wilson Phillips; and Zimmer Orthopaedic Surgical Products, Inc. (collectively, "Defendants"). Stocker brought claims based on strict liability and negligence against Defendants for injuries he suffered as a result of an allegedly defective knee replacement product. Defendants have not answered or otherwise responded. As set forth in Plaintiff's Complaint, Stocker is "a citizen of the State of Texas." Pl.'s Compl. ¶ 1. Defendant Wilson/Phillips Holdings, Inc. "is a corporation organized and

existing under the laws of Texas, and has its principal place of business located in Richardson, Texas." *Id.* ¶ 4.

## II.     Diversity of Citizenship

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing

*Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)), *cert. denied*, 541 U.S. 1073 (2004). "[T]he basis on which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)). Failure to allege adequately the basis of diversity "mandates remand or dismissal of the action." *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).

A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). A corporation is a "citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).

### III. Discussion

Stocker and Wilson/Phillips Holdings, Inc. are both citizens of the state of Texas. As Plaintiff and one defendant are citizens of the same state, diversity of citizenship does not exist. *Corfield*, 355 F.3d at 857; *Getty*, 841 F.2d at 1258. Because there is not complete diversity of citizenship between the parties, this court lacks subject matter jurisdiction to entertain this action. When a court lacks subject matter jurisdiction, the court must either dismiss the action without prejudice or remand it to state court.

### IV. Conclusion

For the reason stated herein, complete diversity between the parties does not exist. Accordingly, the court **dismisses** this action **without prejudice** for lack of subject matter jurisdiction.

**It is so ordered** this 19th day of September, 2012.

                                                                _____
                                                                Sam A. Lindsay
                                                                United States District Judge